IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JAMES ALBERT JACKSON,**

        Petitioner,

    v.

**UNITED STATES OF AMERICA,**

        Respondent.

No. 3:09-cr-00170-MO-1
No. 3:13-cv-00811-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Petitioner James Albert Jackson pleaded guilty [261] to one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a) and (b)(1). In accordance with the recommendation of the United States (the "Government"), I sentenced him to a term of confinement of 480 months. Mr. Jackson now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [306]. For the reasons set forth below, I DENY petitioner's motion.

## BACKGROUND

    The charges against Mr. Jackson stemmed from his subjecting a minor to months of physical abuse and forced prostitution. He lured the victim to Portland in June of 2008 on what he promised would be a one-week drug-dealing excursion, and instead kept her here, forcing her

1 – OPINION AND ORDER

to work as a prostitute using threats and violence. When the victim was arrested for prostitution in late 2008, she told the authorities about Mr. Jackson, and he was arrested as well.

The Government extended a plea offer to Mr. Jackson on October 19, 2009. (Plea Agreement [309-1] at 1.) The offer was addressed to his appointed counsel, Philip Lewis, and provided that it would lapse if not accepted by November 9, 2009. *Id.* If accepted, the offer would have obliged the government to recommend a sentence of 360 months, based on a stipulated adjusted offense level of 41. *Id.* at 2. Mr. Jackson did not accept this offer.

Instead, Mr. Jackson pleaded guilty [261] to count one of the indictment on March 3, 2011. The plea took place without a plea agreement, though the Government stated on the record that it intended to dismiss the remaining counts at sentencing. (Tr. [303] at 3:8–14.) Per the Government's recommendation and in recognition of Mr. Jackson's extensive criminal history, I sentenced Mr. Jackson to a term of confinement of forty years. (Tr. [302] at 12:12–18, 43:14–18.)

After the Ninth Circuit affirmed Mr. Jackson's conviction and sentence on unrelated grounds, Mr. Jackson moved this Court [306] to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. I issued a scheduling order [307] on May 13, 2013, requiring the Government to file its response no more than twenty-one days later, and allowing Mr. Jackson fourteen days to file a reply. The Government filed its response [309] on June 4, 2013. Mr. Jackson did not file a reply.

## DISCUSSION

Petitioner claims that his appointed counsel, Mr. Lewis, rendered ineffective assistance. He asserts that the Government extended him a favorable plea offer months before he pleaded guilty, and that Mr. Lewis prevented him from accepting it.

Case 3:09-cr-00170-MO    Document 310    Filed 10/15/13    Page 3 of 5

To prevail on a claim of ineffective assistance of counsel, a section 2255 petitioner must show (1) that counsel's performance was "deficient" and (2) that the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

To satisfy the deficiency prong, a petitioner must demonstrate that his attorney's actions "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

To satisfy the prejudice prong, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.

The right to effective assistance of counsel extends to the plea bargaining process. *E.g.*, *Missouri v. Frye*, 132 S. Ct. 1399, 1407–08 (2012). To be constitutionally deficient, counsel's advice during plea negotiations must be outside "'the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Counsel renders deficient performance also if he fails to communicate a "formal" plea offer, e.g., an offer whose "terms and . . . processing can be documented," to the accused. *Frye*, 132 S. Ct. at 1409. Where counsel's deficient performance denies the accused the opportunity to accept a plea offer, prejudice results if there is a reasonable probability that the accused "would have accepted the earlier plea offer" and that "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it." *Id.*

3 – OPINION AND ORDER

A section 2255 petitioner is entitled to a hearing on his claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Ninth Circuit "[has] characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)). Accordingly, a hearing must be granted "unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.2d at 717. "'Merely conclusory statements in a § 2255 motion are not enough to require a hearing.'" *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (quoting *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)).

The exact basis of Mr. Jackson's claim is unclear, but it rests on an assertion that Assistant U.S. Attorney ("AUSA") Kemp Strickland offered to recommend a twenty-year sentence and his counsel somehow prevented him from accepting the offer. The entirety of his allegations and argument is contained in a single paragraph:

> The petitioner in this motion claims by facts that months before the defendant's plea of guilty, the U.S. Attorney, "Mr. Kemp L. Strickland," made Mr. Jackson a plea offer of 20 years. This was "ineffective counsel" by the defendant's attorney, "Mr. Philip A. Lewis, by not allowing Mr. Jackson to have an opportunity to take the 20 year deal.

(Mot. [306] at 4.) Mr. Jackson does not specify whether Mr. Lewis failed to communicate the offer to him, or communicated the offer but wrongly and unreasonably advised him to reject it. In its response, the Government asserts that it never extended a twenty-year offer.

Mr. Jackson has not alleged sufficient specific facts to support his claim of ineffective assistance of counsel. He alleges no more than that AUSA Strickland made an offer to

4 – OPINION AND ORDER

recommend a twenty-year sentence, and that his counsel somehow prevented him from accepting it. He does not allege to whom AUSA Strickland made the offer, how the offer was communicated, whether it was in writing, whether Mr. Lewis discussed it with him, or, if not, how he later learned about it. As a consequence, I am unable to determine whether the ground for relief Mr. Jackson asserts is failure to communicate the offer to him or failure to render reasonably competent advice in connection with it. Because Mr. Jackson's motion fails to allege any specific deficient performance, it necessarily also fails to allege any resulting prejudice. I hold that the record conclusively shows that Mr. Jackson has failed to allege any ground for relief, and no evidentiary hearing is necessary.

## CONCLUSION

Because his allegations of ineffective assistance fail to state a ground for relief, I DENY Mr. Jackson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [306]. Denial is WITHOUT PREJUDICE. If Mr. Jackson deposits a new motion in his correctional institution's internal mailing system by November 5, 2013, which will be one year from the date he exhausted his appeal, this Court will consider it as timely. I also DENY a certificate of appealability because Mr. Jackson has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this   15th   day of October, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge