IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JAMES ALBERT JACKSON,**

        Petitioner,

    v.

**UNITED STATES OF AMERICA,**

        Respondent.

No. 3:09-cr-00170-MO-1
No. 3:13-cv-00811-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Pursuant to a plea of guilty to one count of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a) and (b)(1), I sentenced Petitioner James Albert Jackson to a term of confinement of 480 months. (Sent. Tr. [302] at 43:14–25.) I later denied Mr. Jackson's motion under 28 U.S.C. § 2255 to vacate or correct his sentence, but allowed him leave to renew the motion if he could do so within the statute's one-year period of limitations. (Op. & Order [310] at 5.) Because Mr. Jackson did not attempt to renew his § 2255 motion until many months after the limitations period had elapsed, I denied his renewed motion as untimely. (Order [316].) Now, Mr. Jackson seeks relief from my order denying his § 2255 motion under Rule 60(b) of the Federal Rules of Civil Procedure. (Mot. [318] at 4.)

1 – OPINION AND ORDER

A § 2255 petitioner may seek relief from a district court's dismissal of his petition under Rule 60(b) if his motion "asserts some 'defect in the integrity of the federal habeas proceedings.'" *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530, 532 & n.5 (2005)). Such a defect in the first § 2255 proceeding exists if "something . . . happened during that proceeding that rendered its outcome suspect." *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). If, on the other hand, the motion presents "an asserted federal basis for relief from a judgment of conviction," then it is a second § 2255 motion in disguise. *Washington*, 653 F.3d at 1063 (quoting *Gonzalez*, 545 U.S. at 530) (internal quotation omitted). In other words, if the ostensible Rule 60(b) motion "in effect asks for a second chance to have the merits determined favorably," it should be treated as a second or successive § 2255 motion. *Id.* (quoting *Gonzales*, at 532 n.5). In the latter case, the district court lacks jurisdiction over the motion unless the petitioner obtains from the court of appeals the certification described in § 2255(h). *Id.* at 1065.

Mr. Jackson's motion does not attack "the integrity of the federal habeas proceedings." He does not suggest that the Court, the Government, or any witness took any action that would place the Court's resolution of his original § 2255 motion and its dismissal of his renewed motion in doubt. Instead, Mr. Jackson asserts that the untimeliness of his renewed motion should be excused because of his medical impairments and the conditions of his incarceration, circumstances that have no bearing on the Court's resolution of his claims. (Mot. [318] at 3–4.) His motion therefore falls under Rule 60(b) in name only, as he does not point to any occurrence during the proceeding on his original and renewed § 2255 motions that "rendered its outcome suspect."

Instead, Mr. Jackson's Rule 60(b) motion is in effect a second attempt to obtain relief from his conviction under § 2255. The motion incorporates the arguments raised in Mr. Jackson's renewed motion, which included multiple grounds not articulated originally. (Mot. [318] at 2; Mot. [315] at 2–12.) The motion therefore seeks to assert new claims, the hallmark of a second or successive § 2255 motion. As Mr. Jackson has not obtained the certification required by § 2255(h), this Court lacks jurisdiction to hear the motion.

Even if Mr. Jackson's Rule 60(b) motion were an original § 2255 motion, I would be compelled to deny it. Section 2255 states only three grounds for tolling the one-year limitations period: an unconstitutional "impediment to making a motion," a right newly recognized by the Supreme Court and made retroactive on collateral review, and discovery of new facts that could not earlier have been "discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)–(4). Mr. Jackson's present motion does not allege any of these grounds. Instead, he merely asserts that his medical condition and a period of solitary confinement prevented him from renewing his motion in a timely fashion. (Mot. [318] at 3–4.) These are not cognizable grounds for deviating from § 2255's period of limitations.

Mr. Jackson's Motion for Relief from Judgment [318] is DENIED.

IT IS SO ORDERED.

DATED this  21st  day of July, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER