IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA,**

v.

**JAMES ALBERT JACKSON,**

Defendant.

No. 3:09-cr-00170-1-MO

OPINION AND ORDER

**MOSMAN, J.,**

This case comes before me on Defendant James Albert Jackson's Motion to Reduce Sentence [ECF 354]. *See also* Suppl. Mot. [ECF 355]. Mr. Jackson is serving a 40-year sentence for sex trafficking a minor in violation of 18 U.S.C. § 1591(a) and (b)(1). J. & Commitment [ECF 292] at 1-2. He is currently incarcerated at USP Tucson and is set to be released on June 23, 2043. BOP, Inmate Locator, https://www.bop.gov/inmateloc/. In his motion, Mr. Jackson challenges the validity of his sentence and, separately, moves the court for compassionate release due to the ongoing COVID-19 pandemic. Mot. [354] at 2; Suppl. Mot. [355] at 4.[1] I deny Mr. Jackson's motion on both grounds, as explained below.

---

[1] I cite to the ECF page numbers for Mr. Jackson's motion [354] and supplemental motion [355].

1 – OPINION AND ORDER

## DISCUSSION

### I.     Mr. Jackson's challenge to the validity of his sentence.

Mr. Jackson argues that he was sentenced to a term much greater than permitted under 18 U.S.C. 1591(b)(1) and that he did not receive a three-point reduction for acceptance of responsibility. Mot. [354] at 1–3. While Mr. Jackson purports to assert this challenge under 18 U.S.C. § 3582, because he is attacking the validity of his sentence I construe the challenge as a petition under 28 U.S.C. § 2255.

This is not Mr. Jackson's first § 2255 petition, nor is it the first time he has made these arguments against his sentence. Mr. Jackson first filed a § 2255 petition on May 13, 2013. [ECF 306]. This court denied that petition without prejudice and declined to issue a certificate of appealability. Op. and Order [ECF 310]. While Mr. Jackson subsequently filed an amended version of that petition, [ECF 315], it was denied as untimely. Order [ECF 316]. Several years later, on March 20, 2019, Mr. Jackson filed another motion to reduce his sentence, making the exact same arguments that he reasserts now in his present petition. [ECF 332]. That motion was also denied. Order [ECF 337].

A second or successive § 2255 petition is not permitted unless it is certified as provided in 28 U.S.C. § 2244. 28 U.S.C. § 2255(h)(1). Mr. Jackson has not obtained certification to file a successive § 2255 petition. The petition is also well beyond the one-year statute of limitations. 28 U.S.C. § 2255(f). Thus, I DENY with prejudice Mr. Jackson's petition challenging the validity of his sentence.

### II.    Compassionate Release due to COVID-19.

Compassionate release is a statutory exception to the rule that a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). A court may consider

compassionate release "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Upon a proper motion, the court may reduce a term of imprisonment if, after considering applicable factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Mr. Jackson has moved for compassionate release on his own accord. While he provides no indication that he has exhausted his administrative remedies as required by statute, the Government does not raise the issue of Mr. Jackson's failure to exhaust and thus I consider that argument waived.[2] I will therefore address the merits of Mr. Jackson's motion.

As a prison inmate, Mr. Jackson is understandably concerned about his exposure to COVID-19. The virus is a potentially deadly, fast-moving disease that thrives in crowded, confined spaces. *See* Timothy Williams et al., *Coronavirus Cases Rise Sharply in Prisons Even as They Plateau Nationwide*, N.Y. Times (last updated June 30, 2020).[3] It thus poses a significant challenge for our nation's prison system. *Id.* But the situation is not yet so dire that the mere fact of being a prisoner during the pandemic constitutes an "extraordinary and compelling reason" to justify compassionate release. The Bureau of Prisons is taking significant steps to limit the spread of the virus and many facilities currently have zero confirmed cases

---

[2] I agree with the Sixth Circuit's recent holding that the compassionate release exhaustion requirement is a non-jurisdictional claims-processing rule that can be waived. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020).

[3] The article is located at: https://www.nytimes.com/2020/06/16/us/coronavirus-inmates-prisons-jails.html

3 – OPINION AND ORDER

among prisoners and staff. *See* BOP, COVID-19 Status (last updated July 8, 2020), https://www.bop.gov/coronavirus/. USP Tucson, where Mr. Jackson currently resides, has had no confirmed cases among the inmate population, and while three staff members have tested positive, two have since recovered. *Id.*

Therefore, Mr. Jackson must distinguish himself from prisoners at large to show why, as it pertains to him individually, COVID-19 poses an extraordinary and compelling reason justifying his release. His strongest argument, and really the only one that has any merit, is Mr. Jackson's claim that he is especially vulnerable to COVID-19 because he has asthma and takes asthma medication. *See* Suppl. Mot. [355] at 5. The Center for Disease Control currently believes that "moderate-to-severe asthma may increase your risk for severe illness from COVID-19." CDC, COVID-19 Underlying Medical Conditions (last updated June 25, 2020).[4]

As the Government points out, Mr. Jackson has submitted no documentation supporting an asthma diagnosis. Resp. [ECF 357] at 8. Nevertheless, assuming *arguendo* that Mr. Jackson does have asthma, I find that that fact alone does not warrant compassionate release. The fact of the matter is that many prisoners—and many members of the general public—have some condition that elevates their COVID-19 risk as compared to a healthy young person. Such is the perilous nature of this disease. The difficult question to answer is when such a condition (or set of conditions), in light of the totality of the circumstances, rises to the level of an extraordinary and compelling reason to justify compassionate release.

Based upon my review of the facts of this case as they are currently known, Mr. Jackson has not reached that threshold. While his asthma is concerning, other risk factors remain low. As

---

[4] Webpage located at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#asthma

described above, Mr. Jackson's current facility has no confirmed cases of COVID-19 among the inmate population, and the staff infections appear to be isolated and under control. Mr. Jackson is also 48 years old. While his age puts him at higher risk compared to someone in their twenties or thirties, he has not reached the age where the risk of serious illness from COVID-19 dramatically spikes. *See* CDC, COVID-19 in Older Adults (last updated June 25, 2020).[5] And Mr. Jackson cites no other circumstances that makes his asthma diagnosis particularly troubling.

Separately, the applicable § 3553(a) factors cut against Mr. Jackson's release. So do the applicable policy statements from the Sentencing Commission. U.S.S.G. § 1B1.13. Both are concerned with the defendant's risk of danger to the public if released. *See* U.S.S.G. § 1B1.13(2); 18 U.S.C. § 3553(a)(1)-(2)(C). Here, as the Government's opposition makes clear, Mr. Jackson has a history of committing serious violent crimes, including the instant offense for which he is serving a 40-year sentence. *See* Resp. [357] at 2-4; *see generally* USA's Sentencing Mem. [ECF 287]. Notwithstanding this history, Mr. Jackson argues that he is a changed man, citing his accomplishments in prison. Suppl. Mot. [355] at 5. While I am encouraged by Mr. Jackson's stated commitment to rehabilitation, I am not convinced that he would not pose a danger to the community if released.

I therefore DENY Mr. Jackson's request for compassionate release. However, because our understanding of COVID-19 continues to evolve and because Mr. Jackson's circumstances may change, I deny his request without prejudice.

//
//
//

---

[5]    Webpage located at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html

## CONCLUSION

For the foregoing reasons, I DENY Mr. Jackson's Motion to Reduce Sentence [354] in its entirety. I deny his challenge to the validity of his sentence with prejudice; I deny his request for compassionate release without prejudice. His Amended Motion to Reduce [ECF 358] is DENIED as moot.

IT IS SO ORDERED.

DATED this 9th day of July, 2020.

								_____
								MICHAEL W. MOSMAN
								United States District Judge