IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JAMES ALBERT JACKSON, <br><br> Defendant. | Case No.: 3:09-cr-00170-AN-1 <br><br> OPINION AND ORDER |

    On April 10, 2023, defendant James Albert Jackson filed this Motion to Reduce Sentence and Request for Counsel, ECF [423]. Although defendant does not cite a basis for reducing his sentence, the court construes his motion as a request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This is defendant's seventh pleading aimed at reducing his sentence. For the reasons set forth below, defendant's Motion to Reduce Sentence is DENIED, and defendant's Request for Counsel is DENIED as moot.

## LEGAL STANDARD

    Under 18 U.S.C. § 3582(c)(1)(A)(i), this Court may modify a term of imprisonment that has already been imposed through compassionate release when four conditions are met: (1) The defendant has fully exhausted all administrative remedies; (2) extraordinary and compelling reasons warrant a sentence reduction; (3) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (4) the reduction is warranted after consideration of the applicable factors outlined in 18 U.S.C. § 3553(a). The defendant bears the burden of proving that each condition is met. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

    Defendant is currently serving a 480-month sentence for sex trafficking of a minor. J. & Commitment ECF [292] at 1-2. He was sentenced on June 8, 2011, and is currently incarcerated at FCI

1

Butner Medium I. Defendant is set to be released on June 23, 2043. Defendant entered a plea agreement in which he admitted that he used "force, fraud, or coercion . . . to cause another person . . . to engage in commercial sex acts" and that he "received benefits from those sex acts." Plea Petition ECF [262] ¶ 24.

Since defendant was sentenced, he has filed numerous habeas petitions, motions, and appeals to reduce his sentence. This is defendant's third motion for compassionate release. In defendant's first motion, defendant raised the COVID-19 pandemic as an extraordinary and compelling reason to justify compassionate release due to his asthma. Supplemental Evidence to Motion to Reduce Sentence ECF [355] at 4-5. That motion was denied on July 9, 2020, ECF [365]. Defendant filed his second motion for compassionate release one month later on August 27, 2020, arguing again that his "severe case of asthma, and chronic kidney disease" put him at greater risk if he contracted COVID-19. Second Motion for Compassionate Release ECF [371] at 4-9. That motion was denied on September 22, 2021, ECF [411], following a remand by the Ninth Circuit Court of Appeals.

Defendant's present motion does not cite a statutory basis for the requested sentence reduction; based on defendant's prior filings, this Court construes defendant's motion as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant provides the following bases for a sentence reduction: (1) He has been notified of "an upcoming brain surgery"; (2) he "cannot remember things anymore because of migraine headaches and real bad allergies"; (3) "black mold throughout the prison at Butner . . . is causing [his] eyes to swell"; and (4) his remorse for his prior actions. The government opposes defendant's motion.

The defendant bears the burden of proving that he has exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A). The government argues that defendant's motion presents no evidence or statements that he has requested those administrative remedies. When the administrative exhaustion requirement is raised by the government, this Court must enforce that requirement. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("[Section] 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."). Although the government appeared to waive any objection to defendant's failure

to exhaust his administrative remedies in his prior motions for compassionate relief, the government opposes this motion on those grounds. It is this Court's view that the government's prior waivers do not preclude it from raising an administrative exhaustion objection against the present motion for compassionate relief. In essence, the government waived its argument that defendant did not notify the Bureau of Prisons that his "severe case of asthma, and chronic kidney disease" warranted compassionate release. Defendant was still required to notify the Bureau of Prisons of the new bases for his current motion for compassionate release. *Id.* at 1283 (rejecting defendant's argument that he satisfied administrative exhaustion requirement for second motion for compassionate release by lodging administrative request for first motion); s*ee* 28 C.F.R. § 571.61(a) (requiring inmate to notify warden of "[t]he extraordinary and compelling circumstances that the inmate believes warrant consideration"). The government has not waived its objection that defendant did not notify the Bureau of Prisons of his new bases for relief, and that objection is well-taken.

Because defendant has not provided evidence that he has exhausted his administrative remedies, as required by 18 U.S.C. § 3582(c)(1)(A), the Court finds that it lacks authority to address defendant's motion. Therefore, defendant's Motion to Reduce Sentence is denied, and defendant's Request for Counsel is denied as moot.

## CONCLUSION

Accordingly, defendant's Motion to Reduce Sentence and Request for Counsel, ECF [423], are DENIED.

IT IS SO ORDERED.

DATED this 12th day of June, 2023.

Adrienne Nelson
United States District Judge